Bruce HARTMAN, Plaintiff and Appellant,

v.

Lawrence A. YOUNG et al., Defendants and Respondents.

No. 14362.

Supreme Court of Utah.

June 4, 1976.

W. C. Lamoreaux, Salt Lake City, for plaintiff-appellant.

David Sam, and LeRoy R. Park, for Young.

John Ashton of Ray, Quinney & Nebeker, W. Clark Burt, Salt Lake City, for defendants-respondents.

ELLETT, Justice:

Mr. Hartman, the appellant, entered into a contract in writing to purchase a dairy farm from Mr. and Mrs. Young, the respondents. The contract was typed with several blank spaces to be filled in when the parties had reached an agreement on the matters being negotiated. There is no dispute about the matters written into the blank spaces.

In two places the typed part of the contract was changed and initialed by all parties. The fuss in this matter arose over a change in the typed part of the contract wherein it stated: "Interest on the unpaid balance of $68,763.01 shall begin to accrue on the 10th day of April 1972." The figure "2" was written over in ink with the figure "3" so that there is a dispute over the amount of interest on the unpaid balance for one year.

There are no initials by the changed numeral, but there was a great deal of conflicting testimony concerning it. There were three copies of the contract: one for the appellant, one for the respondents, and one for the bank as the escrow agent. All copies of the contract are identical except for the change in the date when the interest would begin to accrue. The copy given to the Youngs had no change and the date remained as typed. The copies given to the escrow agent and to the appellant had at the time of trial the change in date from 1972 to 1973, but were not initialed by anyone.

The escrow agent allowed the appellant to take his copy of the contract on more than one occasion; however there is no proof that appellant made the changes in question. All that can be said is that he had access to the document, and the opportunity to change it. He denies that he made any change in that copy and asserts that the moratorium on interest for one year was agreed to at the time of signing. The respondents denied any such agreement and point to the fact that their copy of the contract has no such change on it.

The appellant began this lawsuit to have a declaratory judgment declaring what his rights were under the contract.

Our statute [1] states:

Any person interested under a deed, will or written contract, or whose rights, status or other legal relations are affect-

1. 78-33-2, U.C.A.1953.

ed by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

It seems that the appellant did not need an interpretation of a contract. What he actually wanted the court to do was to determine which of the copies of the contract correctly reflected the true agreement of the parties.

Whether the action was correctly named is immaterial since the court proceeded to decide the question of which copy of the contract correctly reflected the agreement. He found for the respondents and appellant appealed from the judgment. The evidence was such as to warrant the finding and decision as made.

 The appellant claims the trial court erred in placing the burden of establishing that the alteration of the date was upon him. If he relies upon the declaratory judgment statute he certainly has the burden of convincing the trial court that his claim to relief is as he claims it to be. If he is seeking to establish the altered document as being the genuine copy, he must comply with Section 78–25–17, U.C.A.1953, which reads as follows:

> The party producing as genuine a writing which has been altered, or appears to have been altered after its execution in a part material to the question in dispute must account for the appearance of alteration. He may show that the alteration was made by another without his concurrence, or was made with the consent of the parties affected by it, or otherwise properly or innocently made, or that the alteration does not change the meaning or language of the instrument. If he does this, he may give the writing in evidence, but not otherwise.

Apparently he made a prima facie showing sufficiently in accordance with the statute to admit the document,

since it was received in evidence. However the question of its validity is a matter to be determined by the trier of the fact, and the mere fact that a judge allows a document to be received in evidence does not mean that the jury or the court, if there is no jury, must accept the document as genuine. The burden is still upon the plaintiff to convince the trier of the fact that the altered copy was the one which reflected the agreement entered into by the parties. This the appellant was unable to do.

The judgment is affirmed with costs awarded to the respondent.

HENRIOD, C. J. and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.